Dear Ms. Jackson:
You have requested an opinion of the Attorney General, in your capacity as Town Clerk of the Village of Sicily Island (Village), regarding the following three questions:
 1. Can churches be exempt from paying fees for municipally-owned water, sewer and gas services?
 2. Can churches be given a reduced rate for municipally-owned water, sewer and gas services?
 3. If a customer has an undetected water leak on the customer's side of the meter (e.g., busted pipe and/or leak underground or house), can the Mayor and Board of Aldermen adopt a policy whereby water usage will be adjusted down to average use for one month only, thereby resulting in a reduction of the water bill?
In answer to your questions, I refer to you Article VII, Section 14 (A) and (B) of the Louisiana Constitution of 1974. They provide, in pertinent part, the following:
 § 14. Donation, Loan, or Pledge of Public Credit
 Section 14. (A) Prohibited uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private. . . . *Page 2 
 (B) Authorized Uses. Nothing in this Section shall prevent (1) the use of public funds for programs of social welfare for the aid and support of the needy;. . . .
As can be gleaned from the above, the Village (i.e., a political subdivision of the State) cannot donate funds, credit, property or any other thing of value to any person, association or corporation, public, or private. In Attorney General Opinion No. 90-498, this office concluded that the Town Council for the Village of Clarks was prohibited from exempting churches from paying water and sewerage fees. We determined that such an exemption would be a violation of Article VII, Section 14, as well as the constitutional guarantee of freedom of religion under the First Amendment of the U.S. Constitution.
Accordingly, the Village may not exempt or reduce the rates being charged churches for water, sewer and gas services.
Parenthetically, it should be noted that Section 14 (B) recognizes the use of public funds for programs of social welfare for the aid and support of the needy. However, the exception applies only to formal programs adopted by the Village which would assist only those individuals falling within the category of "needy". The exception does not extend to churches, in general.
We further find Article VII, Section 14 (A) to be applicable to your third question. We have reviewed the relevant statutory and constitutional provisions pertaining to the furnishing of water service and the rates charged therefor, and have been unable to locate any authority which would permit the Mayor and Board of Aldermen to institute the credit policy as it relates to water usage. Only in those cases where damage to the water pipe was caused by the Village, would a credit policy be appropriate.
However, we believe a credit policy could be implemented relative to the sewerage fee due to the fact that the escaping water did not run through the Village's sewerage system, but rather was returned through runoff into the groundwater and storm drainage system. *Page 3 
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. JEYQUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj